### MANVILLE et al. v. LE FLORE-McCASLAND ABSTRACT & REALTY CO. et al.

No. 6323—Opinion Filed March 7, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 682.)

**1. Abstracts of Title—Abstract Company—Liability on Bond.**

An abstract company is not liable on its bond for a failure to show in the abstract a mortgage on the real estate covered by the abstract which is void, and which creates no lien thereon.

**2. Same.**

When the purchaser under the conditions above stated voluntarily pays the mortgage, he does so at his peril and with full knowledge of the law, and is not entitled to recover the sum thus paid from the abstract company.

(Syllabus by Hooker, C.)

Error from County Court, Atoka County; Baxter Taylor, Judge.

Action by Mahlon F. Manville and another against the Le Flore-McCasland Abstract & Realty Company and others. Judgment for

defendants, and plaintiffs bring error. Affirmed.

J. G. Ralls, for plaintiffs in error.

D. H. Linebaugh, for defendants in error.

Opinion by HOOKER, C. On the 8th day of August, 1910, the plaintiffs in error commenced an action against the defendants in error in the justice of the peace court of Atoka county, where a judgment was rendered in favor of the plaintiffs in error and against the defendants in error, and an appeal was taken therefrom to the county court of Atoka county, and on the 30th day of October, 1913, said cause came on for trial in said court, and in open court the parties agreed to the following statement of facts:

First. That on the 1st day of August, 1908, the Le Flore-McCasland Abstract & Realty Company was doing an abstract business in Atoka county, and that on said date pursuant to contract said company furnished to plaintiffs in error, for a valuable consideration, an abstract to said real estate, which abstract was duly certified as showing all liens, etc., against said property, but that the abstract in question omitted to show a certain mortgage executed by Ella Ellison, nee Jefferson, and her husband, John Ellison, dated October 4, 1904, given to secure the payment of $74 with 8 per cent. interest from date, which mortgage was of record in the office of the register of deeds in said county on the 1st day of August, 1908, and that said mortgage was given to the American Investment Company.

Second. That the plaintiffs did not know that the mortgage was on record or that the same had been executed at the time they purchased the land, and that the mortgage did not show that the land described therein was part of the allotment of Ella Ellison, nee Jefferson, or her husband.

Third. That the land covered by said mortgage and abstract was the allotment of Ella Ellison, nee Jefferson, and that the said Ella Ellison was a Chickasaw freedwoman, and that said land was allotted to her as such, and that the plaintiffs paid the sum of $94 to the American Investment Company, the same being the amount of the mortgage.

Fourth. It was further agreed by the parties in open court that this cause should be submitted to the court without a jury upon the sole question as to whether or not, under the facts above given, the mortgage omitted from said abstract was such an instrument as created liability on the part of the abstract company for omitting the same from said abstract.

Fifth. The record of the proceedings had in the justice's court was by agreement considered, but it is unnecessary to set forth the same here.

The trial court made findings of fact and conclusions of law, which findings of fact are, in substance, that the plaintiffs, for a valuable consideration, employed the abstract company to make an abstract for them to said real estate, and that said company did, on the 1st day of August, 1908, prepare and deliver to them a certain abstract duly certified by it, but that it omitted from said abstract a mortgage executed on the 4th day of October, 1904, by Ella Ellison to the American Investment Company, for the sum stated hereinbefore, and that said mortgage was on that date of record in the register of deed's office unreleased and unsatisfied, and that the plaintiffs, relying upon the truthfulness of said abstract, purchased the land and paid the consideration therefor, and afterwards discovered the existence of this mortgage, and thereupon paid to the mortgagee the amount of same.

The court further found that the land was an allotment of Ella Ellison, and that she was a Chickasaw freedwoman, and the court also found that one of the plaintiffs was at the time Ella Ellison executed said mortgage an employe of the American Investment Company, the mortgagee. And in the conclusions of law the court adjudged that the mortgage given by Ella Ellison and husband, to the American Investment Company, was void for the reason that Ella Ellison, at the time, was a Chickasaw freedwoman, and that land was allotted to her as such, and that the mortgage created no valid lien upon said land, and was therefore void, and created no right in the plaintiffs to recover any amount against the defendants upon their bond. The findings of fact by the trial court are sustained by the evidence, and in our judgment the conclusions of law reached by the court are correct.

The mortgage executed by Ella Ellison in 1904, upon her allotment, she being at the time a Chickasaw freedwoman, was void, and created no claim or demand against her, which could be enforced against said land. In other words, the mortgage created no lien upon the real estate embraced in the abstract, and the plaintiffs in error paid to the mortgagee a claim against allottee which was not a lien upon the land covered by the abstract. That being true, the payment of this money by the plaintiffs in error to the mortgagee was a voluntary act and made by them at their peril. Having paid the same of their own free will and accord, with full knowledge of the law that it created no liability against said land,

they are not in a position to assert a demand against the abstract company for its failure to show a void instrument.

This court has held in a number of cases that mortgages of this character were void, and, if void, they can create no lien upon the land covered thereby, and if a party voluntarily pays the obligation attempted to be created by such mortgage he does so at his peril. It might be that plaintiffs in error would have a cause of action against the abstract company in cases like this case for whatever sum it would require to have the title perfected to this property, but we are not deciding that question here and we cannot hold that the company is liable for a failure to show a void mortgage upon the theory that the amount of the mortgage involved here and the cost of quieting the title are practically the same.

We therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.